IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICIA KLOS, | ) | |
| | ) | CIVIL ACTION NO. 2:23-cv-0042 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| J&A SERVICES EXPERTS, LLC, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | Electronically Filed. |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, PATRICIA KLOS, by and through her attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and hereby files this Complaint in a Civil Action as follows:

JURISDICTION AND VENUE

1. This action is brought against the Defendant for violating Plaintiff's right to be free from illegal, invidious and damaging discrimination in her employment based on age, as guaranteed by the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA").

2. Jurisdiction is founded on 28 U.S.C. § 1331 and § 1343(3). Supplemental jurisdiction over Plaintiff's state law claims is also proper pursuant to 28 U.S.C.A. § 1367.

3. Venue is proper under 28 U.S.C.A. § 1391(b). All claims set forth herein arose in the Western District of Pennsylvania, and the Plaintiff resides in the Western District of Pennsylvania.

4. Plaintiff has satisfied all procedural and administrative requirements, and in particular:

    a. Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") claiming age discrimination on or about September 22, 2022 and said

   charge was cross-filed with the Pennsylvania Human Relations Commission ("PHRC");

b. The EEOC issued a Notice of Right to Sue dated December 22, 2022; and,

c. Plaintiff's Complaint is timely filed within 90 days of Plaintiff's receipt of the Notice of Dismissal and Right to Sue.

## PARTIES

5. Plaintiff, Patricia Klos, is a 52-year-old female who resides in Allegheny County, Pennsylvania.

6. Defendant, J&A Services Experts, LLC, is now, and was at all times relevant to Plaintiff's claims, a Pennsylvania limited liability corporation with local offices located at 347 Lebanon Road, West Mifflin, Pennsylvania 15122.

7. At all times relevant hereto, the Defendant was acting through its agents, subsidiaries, officers, employees and assigns acting within the full scope of their agency, office, employment or assignment.

8. The actions of the Defendant, as described herein, are part of an unlawful pattern and course of conduct intended to harm the Plaintiff. All of the acts described below were committed by the Defendant with reckless disregard and/or deliberate indifference to the rights of the Plaintiff. As a direct and proximate result thereof, Defendant violated the Plaintiff's federally protected rights, as described herein.

## FACTUAL ALLEGATIONS

9. Plaintiff was employed by the Defendant from in or about November of 2003 until her unlawful termination on or about August 24, 2022. At the time of her termination, Plaintiff held the position of Office Manager.

10. In or about December of 2021, Defendant was purchased by Apex Service Partners.

11. Thereafter, Defendant hired a significant younger general manager, Anthony Innamorato ("Innamorato").

12. On or about August 24, 2022, Plaintiff was terminated by the Defendant.

13. The reason given for the Plaintiff's termination was an alleged reduction in force.

14. The reason provided by the Defendant for the Plaintiff's termination is pretextual and unworthy of belief.

15. At that time, the Plaintiff was informed that her job position was being eliminated.

16. However, significantly younger, less experienced and less qualified employees replaced the Plaintiff in her job duties.

17. At the time of her termination, Plaintiff was the longest tenured employee of the Defendant.

18. At the time of her termination, Plaintiff was qualified for various open positions for the Defendant, but was not offered any position.

19. Defendant instead hired significantly younger, less qualified and/or less experienced individuals for those positions.

20. By way of example, Plaintiff performed the duties of the manager of the call center throughout staffing transitions in or about April of 2022, while also performing her own job duties, until a significantly younger individual was hired as the new manager of the call center.

21. Furthermore, Plaintiff has experience performing job duties related to billing, Defendant's safety committee and workers compensation claims.

22. Significantly younger, less experienced and less qualified employees were offered positions for the Defendant that the Plaintiff was not offered.

23. Moreover, Plaintiff has never been disciplined or placed on any Performance Improvement Plan during her employment with the Defendant.

24. Plaintiff was treated less favorably than significantly younger, less experienced and less qualified employees in that those employees were offered positions that the Plaintiff was not offered and/or were not terminated by the Defendant due to an alleged reduction in force.

25. Plaintiff believes, and therefore avers, that she was terminated by the Defendant based on her age, fifty-two (52).

26. As a direct and proximate result of the Defendant's actions, Plaintiff has been adversely affected financially, professionally and emotionally.

27. Plaintiff believes and therefore avers, that Defendant's conduct is part of a plan, pattern or practice of discrimination that may affect individuals similarly situated to the Plaintiff.

## COUNT I:

## ADEA – AGE DISCRIMINATION

28. Plaintiff incorporates by reference Paragraphs 1 through 27 as though fully set forth at length herein.

29. As described hereinbefore above, Plaintiff was subjected to discrimination in the nature of an illegal termination and treated less favorably than younger and less experienced employees, in violation of the ADEA, 29 U.S.C. § 621, *et seq*.

30. As a result of the Defendant's discriminatory actions, Plaintiff has been substantially and illegally harmed, suffered continuing financial losses, deprivation of employment, benefits, prerequisites, and fair treatment, and has suffered continuing emotional and physical distress and injury, embarrassment and humiliation caused by the Defendant, its managers, supervisors, employees, agents, attorneys and other officials.

31. Plaintiff has no other plain, adequate or complete remedy at law to redress the wrongs done to her by the Defendant and this suit for injunctive and other relief is her only means of securing just and adequate redress and relief.  Moreover, Plaintiff is now suffering and will continue to suffer, irreparable injury from the Defendant's discriminatory policies, practices, customs and usages as set forth herein until and unless the same are enjoined by the Court.

32. Defendant's actions as aforementioned were intentional, willful and deliberate and/or done with reckless disregard for the rights of the Plaintiff.

WHEREFORE, Plaintiff requests the following:

    a.    that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative of the ADEA;

    b.    that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendant's unlawful conduct plus interest from the date of discrimination;

    c.    that in addition to the damages above, the Court award the Plaintiff liquidated damages in an amount equal to the pecuniary losses sustained as a result of the Defendant's willful violation of the ADEA;

    d.    that the Court order the Defendant to return the Plaintiff to the position she held before she was discriminated against and/or the position most appropriate for the Plaintiff under the circumstances, with the accumulated seniority, fringe benefits, and all other rights, or in the alternative, that the Court order the Defendant to pay the Plaintiff front pay equivalent to her lost salary, salary raises, fringe benefits and all other rights to which she would have been entitled but for the Defendant's discriminatory conduct;

    e.    that the Court award the Plaintiff pre-judgment and post-judgment interest from the date of the discrimination;

    f.    that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

      g.      that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT II:

PHRA

33. Plaintiff incorporates by reference Paragraphs 1 through 32 as though fully set forth at length herein.

34. Defendant's actions in subjecting the Plaintiff to discrimination based on age were undertaken intentionally, maliciously and with reckless indifference to Plaintiff's right to be free from such discrimination in violation of the PHRA.

35. As a direct result of the Defendant's discriminatory actions in violation of the PHRA, the Plaintiff has lost wages and other economic benefits of her employment with the Defendant. In addition, the Plaintiff has incurred counsel fees and other costs in pursuing her legal rights. The Plaintiff has also suffered from emotional distress, inconvenience, humiliation, loss of standing among her peers and stress.

36. The actions on the part of the Defendant were intentional and willful and were done with a reckless disregard for Plaintiff's rights.

    WHEREFORE, Plaintiff requests the following:

      a.      that the Court enter a Judgment declaring the Defendant's actions to be unlawful and violative of the PHRA;

      b.      that the Court award the Plaintiff liquidated damages in an amount equal to the pecuniary losses sustained as a result of the Defendant's willful violation of the PHRA;

      c.      that the Court award the Plaintiff compensatory damages as a result of Defendant's actions being unlawful and violative of the PHRA;

    d.      that the Court award the Plaintiff pre-judgment and post-judgment interest from the date of the discrimination;

    e.      that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

    f.      that the Court grant the Plaintiff such additional relief as may be just and proper.

                                      JURY TRIAL DEMANDED

Respectfully submitted,

LAW OFFICES OF JOEL SANSONE

s/ Joel S. Sansone
Joel S. Sansone, Esquire
PA ID No. 41008
Massimo A. Terzigni, Esquire
PA ID No. 317165
Elizabeth A. Tuttle, Esquire
PA ID No. 322888
*Counsel for Plaintiff*

Two Gateway Center, Suite 1290
603 Stanwix Street
Pittsburgh, Pennsylvania 15222
412.281.9194

Dated: January 10, 2022